IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-06-14 (1) |
| | § | |
| NOLAN MUNOZ. | § | |

**ORDER DENYING AS MOOT MOTION FOR STATUS AND**
**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

Pending before the Court is Defendant Nolan Munoz's ("Munoz") motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he asks for a reduced sentence based on United States Sentencing Guideline ("U.S.S.G.") Amendments 505 and 706. (D.E. 74.) The motion was received by the Clerk on March 24, 2010. On July 2, 2010, the Clerk received a letter motion from Munoz inquiring regarding the status of his motion. (D.E. 75.) Because his original motion is resolved herein, his letter motion for status (D.E. 75) is DENIED AS MOOT.

As noted, Munoz's motion primarily seeks relief pursuant to Amendments 505 and 706 of the Sentencing Guidelines. (See D.E. 74.) He claims that he has completed the "proper sentence" under Amendments 505 and 706 and thus requests that the Court sentence him to "time served" and release him from custody. (Id. at 14.) Those claims are addressed herein.

Munoz's motion also contains other claims, however, that are not properly raised in a motion under § 3582. For example, he first argues that the Court did not properly inform him during the plea of the potential punishment he faced and, in particular, did not inform him that he faced a mandatory minimum sentence based on the amount of drugs involved in the offense. He also argues, in reliance on United States v. Booker, 543 U.S. 220 (2005), that there were insufficient factual findings to support the amounts of drugs attributed to him at sentencing. Additionally, he appears

1

to be questioning whether he was properly convicted of "aiding and abetting," (D.E. 74 at 5-7.) He also makes an argument that he should have been sentence based on drug amounts determined under the "market-oriented" approach, which requires that the weight of drugs be calculated in the diluted form in which they are sold, rather than in the "pure" form. (D.E. 74 at 7-8.) He next challenges whether his sentence was procedurally unreasonable. (D.E. 74 at 9-10). He further claims that the Court did not give a sufficient "statement of reasons" for its alleged departure (D.E. 74 at 10-11) and that the Court committed "plain error" in imposing sentence. (D.E. 74 at 11-12.)

In his conclusion, he summarizes his arguments as follows:

> Petitioner's sentence was unlawful because
>
>   - There was no "Statement of Reasons"
>   - Petitioner did not plead to the sentence
>   - It was not an "Alford Plea"
>   - There was no "purity" fact finding
>   - Court should have applied Amendments 505 & 705 to this Petitioner.

(D.E. 74 at 14.)

The vast majority of Munoz's claims challenge his conviction or sentence, and should have been raised either on direct appeal or in a motion pursuant to 28 U.S.C. § 2255. Munoz did not appeal, and has neither referenced 28 U.S.C. § 2255 nor shown an intent to file such a motion. The Court thus declines to construe his motion as a § 2255 motion. Instead, his arguments are denied without prejudice to his ability to raise them in a proper motion. Furthermore, the Court reaches no conclusions herein as to the timeliness of any such motion by Munoz.

To the extent Munoz is requesting relief under § 3582, the only proper claim falling under that section is his claim for relief pursuant to the Sentencing Guideline Amendments 505 and 706, since this Court's authority to reduce a sentence pursuant to such an amendment comes from 18

U.S.C. § 3582(c)(2). This statute permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The pertinent policy statement is set forth at U.S.S.G. § 1B1.10.

Munoz's request for a reduced sentence relies on: (1) Amendment 505 to the United States Sentencing Guidelines, which went into effect on November 1, 1994; and (2) Amendment 706, which went into effect on November 1, 2007. Amendment 505 lowered the maximum base offense level under U.S.S.G. § 2D1.1 for any drug type from 42 to 38. United States v. Duque, 342 Fed. Appx. 49, *1 (5th Cir. Aug. 18, 2009). Amendment 706 reduced the offense level for sentences related to cocaine base, i.e. "crack cocaine," in certain circumstances. It was designed to reduce an unwarranted disparity between sentences for crack and sentences for powder cocaine. See U.S.S.G., Supplement to Appx. C, Amendment 706 (discussing Reason for Amendment). As of March 3, 2008, Amendment 706 could be applied retroactively. See id.; U.S.S.G. § 1B1.10(c).

From the Court's review of the record and, in particular, Munoz's Presentence Investigation Report ("PSR"), it is evident that Munoz is not entitled to relief under either Amendment, because neither one alters his offense level. As to Amendment 505, it was effective years *before* the date of Munoz's sentencing. Accordingly, it does not provide a basis for reducing Munoz's sentence because he received the benefit of the Amendment at sentencing. Put differently, the base offense level utilized in his case, which was a 38, was determined was based on the amended guideline. Thus, Munoz is not entitled to any further reduction in his offense level or sentence as a result of Amendment 505.

As to Amendment 706, that amendment is wholly inapplicable to Munoz's case. Munoz's offense involved three drugs – methamphetamine, cocaine base, and methylenedioxy-Methamphetamine (MDMA or "ecstacy" pills). (See PSR at 1 & ¶¶ 6, 22.) He was not sentenced – in whole or in part – on any amount of cocaine base or crack cocaine. (See PSR at ¶¶ 6, 22.) Additionally, there was no relevant conduct in his case that stemmed from crack cocaine or cocaine base. Accordingly, Amendment 706 is inapplicable in Munoz's case because it would not alter his offense level or guideline range. See U.S.S.G. § 1B1.10(a)(2)(A)-(B) (a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not authorized if "none of the amendments listed in subsection (c) is applicable to the defendant" or if a listed amendment "does not have the effect of lowering the defendant's applicable guideline range.")

Thus, Munoz is not eligible for resentencing nor entitled to a reduction in sentence based on either Amendment 505 or 706.

## CONCLUSION

For the foregoing reasons, Munoz's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 (D.E. 74) is DENIED.

It is so ORDERED this 8th day of July, 2010.

_____
Janis Graham Jack
United States District Judge